UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMETRA L. SULTON,

       Plaintiff,

vs.

       Case No. 12-15133
       HON. GERSHWIN A. DRAIN

STATE OF MICHIGAN, 19TH JUDICIAL
DISTRICT COURT,

       Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS [#2], DENYING PLAINTIFF'S MOTION FOR APPOINTMENT
OF COUNSEL [#3], AND DISMISSING COMPLAINT

Plaintiff Ametra L. Sulton filed a *pro se* complaint, application to proceed without prepayment of fees, and application for appointment of counsel on November 20, 2012. This is the eighth action brought by Sulton *in forma pauperis* since October of this year. Five cases have been dismissed for lack of subject-matter jurisdiction or for failure to state a claim.[1] Upon reviewing the application, the court is persuaded that Sulton is unable to pay the fees associated with the filing of her complaint. Plaintiff's application to proceed without the prepayment of fees, or *in forma pauperis* ("IFP"), is hereby GRANTED. *See* 28 U.S.C.

---

[1] *See Sulton v. State of Michigan Child Protective Services*, No. 12-14642 (dismissed for lack of subject-matter jurisdiction and for failure to state a claim); *Sulton v. City of Warren*, No. 12-14734 (dismissed for lack of subject-matter jurisdiction); *Sulton v. City of Dearborn*, No. 12-14876 (dismissed for failure to state a claim); *Sulton v. Colonial Manor Apartments*, No. 12-14659 (dismissed for failure to state a claim); *Sulton v. Warren Consolidated Schools*, 12-14735 (dismissed for lack of subject-matter jurisdiction and failure to state a claim).

§ 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Sulton's complaint upon determining that her complaint fails to state a claim on which relief may be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Moreover, federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Id.* (internal citations omitted). Federal courts are under an independent obligation to examine their own jurisdiction. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, Federal Rule of Civil Procedure 12(h)(3) requires this Court to dismiss an action if, at any time, it determines it lacks subject-matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3).

Sulton's complaint consists of one sentence that states "[d]iscrimination as set forth in the handling and procedures in case #11-2972-GC[,] case #12-3523-GC[,] case #12-2315-GC and case involving Tamara Hill." Along with the complaint, Sulton included documents arising out of the actions in the 19th district court, City of Dearborn, Michigan. This court lacks jurisdiction to entertain Sulton's claims that she suffered injuries as a result of the decisions made by the Michigan state courts. Although a *pro se* litigant's complaint is entitled to liberal construction, a court may not abrogate the basic essentials of federal notice pleading, nor re-write a deficient complaint or otherwise serve as counsel for plaintiff. *See Kampii v. Ghee*, No. 99-3459, 2000 U.S. App. LEXIS 4160, *3 (6th Cir. Mar. 14, 2000).

Pursuant to the *Rooker-Feldman* doctrine, a party aggrieved by a state court

judgment or state court proceedings may not complain about injuries sustained therefrom in a subsequent federal lawsuit. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("The *Rooker-Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters."). A federal district court is precluded from exercising subject matter jurisdiction under the *Rooker-Feldman* doctrine if the "source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Id.* (internal quotations omitted). If Sulton seeks review of the state trial court's decisions, her available remedy is an appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and a writ of *certiorari* from the United States Supreme Court.

Accordingly, Plaintiff Ametra L. Sulton's complaint is dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). It is also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *McGore*, 114 F.3d at 612. **Plaintiff is hereby warned that any further abuse of the *in forma pauperis* privilege may lead to its forfeiture**.

SO ORDERED.

Dated: December 12, 2012

/s/Gershwin A Drain
Gershwin A. Drain
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2012, by electronic and/or ordinary mail.

s/ Tanya R Bankston
Deputy Clerk